**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARY ANN MITCHELL-CARR,

       Plaintiff,

vs.                                                           CIVIL NO. 01-104 BB/RLP

SECRETARY OF THE DEPARTMENT
OF ENERGY, DEPARTMENT OF ENERGY
UNITED STATES OF AMERICA, SANDIA
NATIONAL LABORATORIES, SANDIA
CORPORATION, LOCKHEED MARTIN
CORPORATION, EUNICE YOUNG and
JOHN OR JANE DOE 1-10,

       Defendant.

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO ENFORCE
SETTLEMENT AND DISMISSAL WITH PREJUDICE**[1]

This matter was referred to the undersigned by the trial judge pursuant to 28 U.S.C. § 636(b)(1)(B). The court has reviewed Defendants' Motion to Enforce Settlement and Dismissal With Prejudice and having heard the argument of counsel on May 28, 2002, finds that Plaintiff's refusal to sign the Settlement Agreement and General Release (Exhibit "B" to Defendants' motion) is unreasonable and violates the settlement agreement negotiated on May 14, 2002.

---

[1] Within ten (10) days after a party is served with a copy of the Report and Recommendation on Defendants' Motion to Enforce Settlement and Dismissal With Prejudice ("Report and Recommendation"), that party may, pursuant to 28 U.S.C. § 636(b)(1), file in the United States District Court written objections to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

## FACTS

1. This case was set for a settlement conference on May 14, 2002. The settlement conference began at 1:00 p.m. and concluded at approximately 7:00 p.m. At the conclusion of the settlement conference, the parties settled the case and endorsed a handwritten settlement agreement.

2. As is standard practice, a final settlement agreement and general release was to be prepared and forwarded to Plaintiff's counsel along with orders of dismissal of the defendant Eunice Young and the defendants Sandia National Laboratories and Sandia Corporation.

3. Following the settlement of this case, Plaintiff has refused to endorse Defendants' proposed Settlement Agreement and General Release.

4. Plaintiff's counsel indicated that his client is not necessarily objecting to the settlement, but that she refuses to sign the more formal Settlement Agreement and General Release forwarded to him by Defendants. Plaintiff continues to be uncooperative.

5. Plaintiff's counsel indicated that his client did not wish him to continue as her attorney and following numerous messages by Plaintiff's counsel to Plaintiff regarding the scheduling of the hearing on May 28, 2002, on Defendants' Motion to Enforce Settlement and Dismissal With Prejudice, she has failed to appear for the hearing.

6. Plaintiff's counsel has approved the Orders of Dismissal as to form.

## LEGAL ANALYSIS AND RECOMMENDATION

The enforcement and interpretation of settlement agreements in Title VII cases is

governed by federal common law. *Snider v. Circle K Corp.,* 923 F.2d 1404, 1407 (10th Cir. 1991). The law favors compromise and settlement. *Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483 (11th Cir. 1994). An oral agreement to settle a claim is enforceable. *Taylor v. Gordon Flesch Co.,* 793 F.2d 858 (7th Cir. 1986). Applicable principles of federal contract law are not different from New Mexico law. *Heuser v. Kephart,* 215 F.3d 1186, 1191 (10th Cir. 2000). A later repudiation of a settlement agreement will not release the repudiating party. *Jones v. United Minerals Corp.,* 604 P.2d 1240 (N.M. 1979).

There is no question that the parties to this case settled their differences following a successful settlement conference on May 14, 2002. Plaintiff refuses to endorse the release tendered by Defendants. She articulates no reason for her refusal. Her refusal is unreasonable and is not in accordance with the settlement agreement. It is therefore recommended that the court enter the dismissal orders approved by counsel. Given the agreement between the parties, the Order of Dismissal With Prejudice dismissing the case against Eunice Young should be entered first. Thereafter, the Order of Dismissal With Prejudice dismissing Sandia National Laboratories and Sandia Corporation should be entered.

_____
RICHARD L. PUGLISI
United States Magistrate Judge